IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 09-CV-522-JPG |
| | ) | |
| 127 CANINES, | ) | |
| | ) | |
| Defendant. | ) | |

## RULE 54(B) JUDGMENT AND DECREE FOR FORFEITURE

On the 13th day of July, 2009, a Verified Complaint for Forfeiture against the defendant, more further described as 127 canines seized by federal, state and local law enforcement officers on July 8, 2009, from six locations within the Southern District of Illinois as follows:

    Location 1 in East St. Louis, Illinois----42 pit bulls.
    Location 2 in East St. Louis, Illinois----33 pit bulls.
    Location 3 in Washington Park, Illinois----5 pit bulls.
    Location 4 in Cahokia, Illinois----7 pit bulls and 1 chow.
    Location 5 in Prairie du Rocher, Illinois----15 pit bulls.
    Location 6 in East St. Louis, Illinois----24 pit bulls (19 adults and 5 puppies).

was filed on behalf of the plaintiff, United States of America. The Complaint alleges that said 127 canines were used in violations of Title 7, United States Code, Section 2156.

Notice of Civil Judicial Forfeiture has been duly published in the Belleville News Democrat newspaper on July 19, 2009, July 26, 2009, and August 2, 2009, as evidenced by the Certificate of Publication filed with this court on August 11, 2009 [Doc. 13]. No interested party has filed a claim or answer to the Notice, although more than 30 days have elapsed since the date of the last publication.

All interested parties other than John W. Bacon, Jr., Joseph Addison, Ricky Stringfellow,

Jr., Julius Jackson, William Berry, James Milburn III, and Derrick Courtland were defaulted for failure to file a claim or answer within the time permitted by Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

Joseph Addison, Ricky Stringfellow, Julius Jackson, William Berry, and James Milburn III, have provided a stipulation to forfeit all of their interest in the canines.  Derrick Courtland and the United States have submitted a Stipulated Order, which has been or will be executed by this Court, consenting to the forfeiture of all of the canines other than the chow described within said order. Said chow shall be released pursuant to the terms of said Order.

Now, therefore, on motion of the plaintiff, United States of America, for a Judgment and Decree of Forfeiture, the following property, more further described as all canines seized by federal, state and local law enforcement officers on July 8, 2009, from five locations within the Southern District of Illinois as follows:

    Location 1 in East St. Louis, Illinois----42 pit bulls.
    Location 2 in East St. Louis, Illinois----33 pit bulls.
    Location 3 in Washington Park, Illinois----5 pit bulls.
    Location 4 in Cahokia, Illinois----7 pit bulls.
    Location 5 in Prairie du Rocher, Illinois----15 pit bulls.

are hereby ordered forfeited to the United States of America and no right, title or interest in the property shall exist in any other person or entity.

In addition, any offspring of any of said forfeited canines born after the seizure of said canines is also forfeited to the United States, and no right, title, or interest shall exist in said offspring in favor of any other person or entity.

As previously stated, the Court is issuing a separate Order authorizing the return of the chow which had been seized at Location 4, and said chow is therefore not being forfeited.  Until the Court

resolves the status of the default motion filed by the United States against John W. Bacon, Jr., who may have had some canines seized at Location 6 in East St. Louis, Illinois (the residence of Ricky Stringfellow, Jr.) the Court is further reserving ruling at this time on forfeiting the canines seized at Location 6 as well as any offspring born from said Location 6 canines after their seizure.

All of the forfeited canines and offspring shall be disposed of by sale for lawful purposes or by other humane means by the Humane Society of Missouri consistent with this Order and any additional requirements of the United States.  The disposal of each animal may include, but not be limited to:

1. Adoption of an animal pursuant to the procedures adopted by the Humane Society of Missouri;

2. Sale of an animal to an individual pursuant to the procedures adopted by the Humane Society of Missouri;

3. Placement of an animal with another humane society, breed rescue group, or animal control agency acceptable to the Humane Society of Missouri for subsequent adoption or sale; and

4. Humane euthanasia of an animal if the Humane Society of Missouri determines that said animal is, for either medical, physical, or behavioral issues, not suitable for adoption.

The Humane Society of Missouri, to the best of its ability, shall not place any of the animals with:

1. Any person or entity intending to use the animal for, or in conjunction with, animal fighting;

2. Any person intending to use said animal for vivisection, medical experimentation, or food; provided, however, that the taking of blood or tissue samples or performing of other procedures or tests for the medical treatment of said animal shall not be prohibited;

3. Any person or entity intending to use the animal for commercial sale or for commercial breeding purposes.

The foregoing restrictions shall also apply to any humane society, breed rescue group, or animal control agency who receive an animal from the Humane Society of Missouri for future placement.

The Humane Society of Missouri may immediately commence disposing of the animals consistent with the foregoing. It shall also neuter or spay said animals prior to placement and may provide any medical treatment it deems appropriate for the animals.

The Court does not at this time award costs against the prior owners of the subject-matter canines; that matter shall be determined in a separate proceeding.

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of the plaintiff, United States of America, and against the defendant property as described above.

The Court further finds that pursuant to Federal Rule of Civil Procedure 54(b) there is no just reason for delay in entry of judgment as to the foregoing matters in light of the need to expediently resolve the fate of the forfeited canines.

**DATE: October 7, 2009**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**