IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 09-CV-522-JPG |
| | ) | |
| 127 CANINES, | ) | |
| | ) | |
| Defendant. | ) | |

## **RULE 54(B) JUDGMENT AND DECREE FOR FORFEITURE**

On the 13th day of July, 2009, a Verified Complaint for Forfeiture against the defendant (more further described as 127 canines seized by federal, state and local law enforcement officers on July 8, 2009, from six locations within the Southern District of Illinois as follows:

   Location 1 in East St. Louis, Illinois----42 pit bulls.
   Location 2 in East St. Louis, Illinois----33 pit bulls.
   Location 3 in Washington Park, Illinois----5 pit bulls.
   Location 4 in Cahokia, Illinois----7 pit bulls and 1 chow.
   Location 5 in Prairie du Rocher, Illinois----15 pit bulls.
   Location 6 in East St. Louis, Illinois----24 pit bulls (19 adults and 5 puppies).)

was filed on behalf of the plaintiff, United States of America.  The Complaint alleges that said 127 canines were used in violations of  Title 7, United States Code, Section 2156.

Notice of Civil Judicial Forfeiture has been duly published in the Belleville News Democrat newspaper on July 19, 2009, July 26, 2009, and August 2, 2009, as evidenced by the Certificate of Publication filed with this court on August 11, 2009 [Doc. 13].

All interested parties other than John W. Bacon, Jr., Joseph Addison, Ricky Stringfellow, Jr., Julius Jackson, William Berry, James Milburn III, and Derrick Courtland were defaulted for failure to file a claim or answer within the time permitted by Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims [Doc. 17].

Joseph Addison, Ricky Stringfellow, Jr., Julius Jackson, William Berry, and James Milburn

III, had provided stipulations to forfeit all of their interest in the canines. Derrick Courtland and the United States had submitted a Stipulated Order, which has been executed by this Court [Doc. 22], consenting to the forfeiture of all of the canines other than the chow described within said order; said Stipulated Order further provided for the release of the chow. As a result of the foregoing, a Rule 54(b) Judgment and Decree for Forfeiture was entered on October 7, 2009 [Doc. 23] against the canines, other than the chow, located at:

> Location 1 in East St. Louis, Illinois----42 pit bulls.
> Location 2 in East St. Louis, Illinois----33 pit bulls.
> Location 3 in Washington Park, Illinois----5 pit bulls.
> Location 4 in Cahokia, Illinois----7 pit bulls and 1 chow.
> Location 5 in Prairie du Rocher, Illinois----15 pit bulls.

Said Judgment and Decree of Forfeiture [Doc. 23] shall remain in full force and effect.

On October 7, 2009, this Court entered an Order [Doc. 21] granting John W. Bacon, Jr. to and through October 19, 2009 to file a motion for leave to file a late claim for the canines seized from Location 6 in East St. Louis, Illinois. This deadline was extended to November 2, 2009 in an order entered by this Court on October 14, 2009 [Doc. 25]. On November 2, 2009, John W. Bacon, Jr. filed a *Motion to Dismiss for Lack of Territorial Jurisdiction and Jurisdictional Challenge Demand for My Property* [Doc. 28].

On November 25, 2009, the United States filed a sealed *Motion for Stipulated Judgment and Decree of Forfeiture* [Doc. 36]. Referenced in that motion was a sealed Stipulation for Forfeiture executed by Bacon on November 25, 2009 [Doc. 34], wherein Bacon abandoned all claims to the canines, agreed to the immediate forfeiture of said canines without further notice, agreed that a factual basis existed for the forfeiture, and agreed that his motion to dismiss [Doc. 28] could be denied as moot.

As a result of the foregoing stipulation and of the uncontested verified allegations contained

within the Complaint for Forfeiture, the Court **GRANTS** the sealed *Motion for Stipulated Judgment and Decree of Forfeiture* [Doc. 36], and the following property, more further described as **all canines seized by federal, state and local law enforcement officers on July 8, 2009, from within the Southern District of Illinois as follows:**

**Location 6 in East St. Louis, Illinois----24 pitbulls (19 adults and 5 puppies)**

is hereby ordered forfeited to the United States of America and no right, title or interest in the property shall exist in any other person or entity.

In addition, any offspring of any of said forfeited canines born after the seizure of said canines is also forfeited to the United States, and no right, title, or interest shall exist in said offspring in favor of any other person or entity.

The *Motion to Dismiss for Lack of Territorial Jurisdiction and Jurisdictional Challenge Demand for My Property* [Doc. 28] filed by Bacon is hereby **DENIED as moot** in light of Bacon's stipulation for forfeiture. The Court further finds it has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1345and 1355(a) and 7 U.S.C. 2156 and that Bacon's challenge to the Court's subject matter jurisdiction has no merit.

All of the forfeited canines and offspring shall be disposed of by sale for lawful purposes or by other humane means by the Humane Society of Missouri consistent with this Order and any additional requirements of the United States. The disposal of each animal may include, but not be limited to:

1. Adoption of an animal pursuant to the procedures adopted by the Humane Society of Missouri;

2. Sale of an animal to an individual pursuant to the procedures adopted by the Humane Society of Missouri;

3. Placement of an animal with another humane society, breed rescue group, or animal

3

    control agency acceptable to the Humane Society of Missouri for subsequent adoption or sale; and

  4.  Humane euthanasia pursuant to the procedures adopted by the Humane Society of Missouri.

The Humane Society of Missouri, to the best of its ability, shall not place any of the animals with:

  1.  Any person or entity intending to use the animal for, or in conjunction with, animal fighting;

  2.  Any person intending to use said animal for vivisection, medical experimentation, or food; provided, however, that the taking of blood or tissue samples or performing of other procedures or tests for the medical treatment of said animal shall not be prohibited;

  3.  Any person or entity intending to use the animal for commercial sale or for commercial breeding purposes.

The foregoing restrictions shall also apply to any humane society, breed rescue group, or animal control agency who receive an animal from the Humane Society of Missouri for future placement.

The Humane Society of Missouri may immediately commence disposing of the animals consistent with the foregoing. It shall also neuter or spay said animals prior to placement and may provide any medical treatment it deems appropriate for the animals.

The Court does not at this time award costs against the prior owners of any of the subject-matter canines; that matter shall be determined in a separate proceeding.

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of the plaintiff, United States of America, and against the defendant property as described above. The United States' first sealed *Motion for Entry of Default Against John W. Bacon, Jr.* [Doc. 18] and its *Renewed Motion for Entry of Default Against John W. Bacon, Jr. and for Judgment of Forfeiture*

[Doc. 26] are rendered **MOOT** by this judgment.

The Court further finds that this Rule 54(b) Judgment and Decree for Forfeiture resolves all remaining issues in this lawsuit and that there is no reason for delay in entry of or enforcement of the judgment.

**DATE: November 30, 2009**

s/ J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**